UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

US ...CT COURT
WEST... DIST ARKANSAS
FILED

MAY 0 1 2020

DOUGLAS F. YOUNG, Clerk
By            Deputy Clerk

IN RE: LADONNA HUMPHREY, DEBTOR

DISTRICT COURT NUMBER:  5:20-cv-05048-PKH

BANKRUPTCY COURT NUMBER: 5:19-bk-72555

## APPEAL BRIEF

This case arises from litigation in Benton County Arkansas which includes a Claim by Mr. Anthony Christopher that I had slandered him and a Counterclaim from me that I was a whistleblower. I worked for Mr. Christopher for a period of a few months when I became aware of Medicaid fraud so I reported this fraud to the Arkansas Attorney General and I immediately resigned.    From that point forward there was a huge fraud perpetrated on the court by Mr. Christopher and ultimately ended up with me losing the litigation.

I appealed the litigation and it includes both Offensive Appeal Rights and Defensive Appeal Rights.    My offensive appeal rights are basically this:  I was being punished for turning Mr. Christopher in for Medicaid Fraud.    On February 5, 2020, Mr. Christopher was charged with three counts of Financial and Non-Financial identify Fraud and one count of Medicaid Fraud.    See exhibit A which is the docket sheet for Pulaski County.

On February 13, 2020, the bankruptcy Court held a hearing on my offensive appeal rights. Neither Christopher or his attorney informed the Court that he had been charged 8 days earlier with Medicaid Fraud.    Those charges change the landscape from my testimony that he committed the fraud to the fact that now actual criminal charges were filed.  Anthony Christopher's failure to provide the

Court this information made it impossible for the Court to make an informed decision.   See Exhibit B which is the arrest warrant for Anthony Christopher and his mug shot.

Moreover, there is no evidence that the Bankruptcy Trustee did anything other than take the word of Christopher that the charges were baseless.   A simple call to the investigating officer would have made her aware of the value of the claim, but the Trustee decided to stand on the idea that it was a public auction and I could outbid Mr. Christopher.   This sale was not in the best interest of the estate.

With the Medicaid charges filed, the offensive appeal rights must be viewed in light of the evidence that was withheld from both the Court and the Trustee.   In fact, throughout the state court litigation, Anthony Christopher and his attorney, Glenn Ritter continuously said there was no Medicaid fraud and he accused me of being a liar.   As an example of this type of statements made, please see Exhibit C, Plaintiffs' Reply and Answer to Defendant's Counter-Claim. Section 6 reads: "Plaintiffs affirmatively state that Absolute Pediatric Therapy was not engaged in any Medicaid fraud and that Defendant's actions regarding this lawsuit were malicious and false and are not protected." Section 27: "Plaintiffs plead affirmatively that Defendant has made false and malicious reports to the authorities." Please see Exhibit D, Plaintiffs' Response to Defendant's Request for Admission of Facts. Request for admission No 1 and Response: Admit that you altered prescriptions provided by doctors requesting therapy evaluations for children. Response: Denied. Please cross-reference this with Exhibit B, the arrest warrant filed by the Arkansas Attorney General in their investigation into Anthony Christopher and his Medicaid fraud scheme. Please see Exhibit F: Plaintiffs' Motion to Dismiss Defendant's Counterclaim. Section 5: "It is presumed that Humphrey is making (unfounded) allegations of fraud with respect to the Arkansas Medicaid Program, as the subject would be reimbursement for child therapy services and she alleges 'Medicaid Fraud.'" Section 9: "Humphrey asserted this counterclaim in bad

faith, without any legal basis (or apparent knowledge), as a way to further harm the reputation and goodwill of Absolute.

As to the Defensive Appeal Rights there appears to be two different approaches this Court could follow.   The first approach is found in re Moreales, 403 B.R. 629 (2009) which found that defensive appellate rights were not property of the Estate.   If this is the appropriate law, then the Trustee had no right to sell the Defensive appellate rights.

The other view is set out in re Mozer, 392 B.R. 892 (2003).   In that case the Court found that defensive appellate rights were in fact property of the estate.   The Court however goes on to say the Court must find that it is fair and equitable and in the best interest of the estate.   It goes on to say that if the odds of winning were the same as the Lotto then $10,000 may be a fair price but if the odds are much better say, one in two, then it would make sense to sell a $600,000.00 defensive right for $300,000.00.   The Court goes on to say that defensive appellate rights are not susceptible to the market place because the market won't purchase something that is defensive in nature.

In this case the Trustee sold both offensive and defensive appellate rights for $12,500.00. The Court and Trustee relied on the market place as justification for the price.   During the trial, the attorney who handled the state matter for me, Thomas Stockland, was having a minor medical procedure.   The parties stipulated that he believed the defensive appellate rights were very strong and that I had a good chance of prevailing.   The facts are simple.  I was denied a jury trial and the testimony in that hearing was that would my case would be overturned on appeal and I could then enjoy my Constitutional right of a jury trial.   A jury may feel differently about giving a gentleman charged with Medicaid fraud a judgment against me because I accused him of the very Medicaid fraud he has been charged for committing.  Please keep in mind, Exhibit B, the arrest warrant, indicates there are others who accused Mr. Christopher of committing Medicaid fraud as well.   With that testimony and the fact the judgment

exceeds three million dollars, it is clear that the Trustee did not make any attempt to determine what was in the best interest of the estate as set out in the Moser case.

Please overturn the motion approving the sale of my offensive appeal rights. Anthony Christopher has perpetuated fraud upon fraud in Court after Court in his pursuit to destroy a material witness in his Medicaid fraud case. I am not the only witness Anthony Christopher has tried to intimidate by abusing the legal system in this Medicaid fraud investigation. Please see Exhibit E: Motion to Quash Subpoena of Janna Hines. Section 6: "That said Subpoena is simply served for the purpose of harassing Janna Hines and to intimidate her in cooperating with government authorities in an official investigation into Absolute Pediatric Therapy and Anthony Christopher. Please do not allow Mr. Christopher to continue to abuse the legal system to perpetuate fraud.

Respectfully submitted,
LaDonna Humphrey
11580 Farrar Road
Bentonville, AR 72713
Phone: 479-966-0471
ladonnamhumphrey@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2020, a true and complete copy of the foregoing was filed with the Clerk of the Court in the above-captioned case, including the U.S. Trustee.

LaDonna Humphrey

# Docket Report Results

## Report Selection Criteria

**Case ID:**     PCS-20-1469
**Citation No:**
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**   PCS-20-1469 - STATE V ANTHONY CHRISTOPHER CHRISTOPHER
**Filing Date:** Wednesday, February 05th, 2020
**Court:**   60 - PULASKI
**Location:**   PC - PULASKI COUNTY DISTRICT COURT
**Type:**   WO - COUNTY ARREST WARRANT
**Status:**   OPEN - CASE OPEN
**Images:**

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| CLERK REVIEW SCHEDULED | 06/03/2020 08:00 AM | COURTROOM | PULASKI COUNTY DISTRICT COURT | DISTRICT JUDGE OF PULASKI COUNTY |

## Case Parties

| Seq # | Assoc | End Date | Type | ID | Name |
|---|---|---|---|---|---|
| 4 | | | ATTORNEY | 1006886 | **BENCA, PATRICK** |
| | | | | Aliases: | BENCA, PATRICK J. BENCA, PATRICK J |
| 5 | | | ATTORNEY | 1006886 | **BENCA, PATRICK** |
| | | | | Aliases: | BENCA, PATRICK J. BENCA, PATRICK J |
| 3 | | | OFFICER | 16651708 | **ROLFE, TERRY** |
| | | | | Aliases: | *none* |
| 1 | | | JUDGE | 11315936 | **DISTRICT JUDGE OF PULASKI COUNTY** |
| | | | | Aliases: | GRUBER, W |
| 2 | | | DEFENDANT | 10319270 | **CHRISTOPHER, ANTHONY** |
| | | | | Aliases: | *none* |

## Violations

CHRISTOPHER, ANTHONY

EXHIBIT A

## Violations

CHRISTOPHER, ANTHONY

**Violation:** 1　　　　**Citation#:**　　　　**Age at Violation:** 32　　**Plea:**
**5-37-227**　　**FINANCIAL OR NON-FINANCIAL IDENTITY FRAUD; FD**　　**Disp:**

**Level:**　　FD　　CLASS D FELONY
**Violation Date:** 05-FEB-20
**Violation Time:**

CHRISTOPHER, ANTHONY

**Violation:** 2　　　　**Citation#:**　　　　**Age at Violation:** 32　　**Plea:**
**5-37-227**　　**FINANCIAL OR NON-FINANCIAL IDENTITY FRAUD; FD**　　**Disp:**

**Level:**　　FD　　CLASS D FELONY
**Violation Date:** 05-FEB-20
**Violation Time:**

CHRISTOPHER, ANTHONY

**Violation:** 3　　　　**Citation#:**　　　　**Age at Violation:** 32　　**Plea:**
**5-37-227**　　**FINANCIAL OR NON-FINANCIAL IDENTITY FRAUD; FD**　　**Disp:**

**Level:**　　FD　　CLASS D FELONY
**Violation Date:** 05-FEB-20
**Violation Time:**

CHRISTOPHER, ANTHONY

**Violation:** 4　　　　**Citation#:**　　　　**Age at Violation:** 32　　**Plea:**
**5-55-111**　　**MEDICAID FRAUD; FA**　　**Disp:**
**Level:**　　FA　　CLASS A FELONY
**Violation Date:** 05-FEB-20
**Violation Time:**
**Violation Text:** ATTY; PATRICK BENCA WOULD LIKE A SETTING WITH JUDGE

## Sentence

No Sentence Info Found.

## Milestone Tracks

*No Milestone Tracks found.*

## Docket Entries

Exhibit B

therapists as rendering providers for children they did not see. Former staff and therapists also reported Absolute billed for services not rendered, altered referrals, and inflated referrals to bill for services that were not medically necessary. Absolute is owned by Anthony Christopher. Mr. Christopher is also the Director for New Beginning Children's Home. New Beginning is an emergency, long term residence for foster children in Rogers, Arkansas.

Anthony Christopher fraudulently billed the Arkansas Medicaid Program by:
1. Listing therapists as performing providers on claims for services not rendered,
2. Requesting referrals and prescriptions for services not medically necessary,
3. Billing for services not medically necessary,
4. Billing for services before receiving proper referrals from physicians and backdating the referrals to receive payment,
5. Altering Medicaid referrals to bill for additional services; and
6. Requesting referrals for children before they were seen by a physician or a therapist.

Services not rendered:

Alicia Mooney, the owner of Trucks and Tiaras Learning Center in Bentonville, reported she was billed for services for her daughter that were never rendered. Ms. Mooney noticed the day of service for one of her daughter's therapy sessions was a Saturday, but her daughter never received therapy on Saturdays. She reviewed another insurance document and did not recognize the name of the treating therapist listed for her daughter's therapy. She spoke with the therapist listed, and confirmed that she in fact had not seen her daughter and did not know who her daughter was. Ms. Mooney reported this to Melissa Stone, an Investigator with Arkansas Blue Cross Blue Shield. Ms. Stone reported the case to the MFCU.

Investigator Rolfe reviewed Medicaid claims filed from Absolute from 6/7/17 through 11/13/18. These claims include those listing therapists Carrie Willyard and Whitney Balentine as the performing providers. Both Ms. Willyard and Ms. Balentine had been listed as treating therapists for recipient LM (Alicia Mooney's daughter).

Investigator Rolfe provided a list of claims for Carrie Willyard to review to verify that she saw the recipients listed on the specific dates as listed on the claims. Ms. Willyard compared the list to her records and confirmed that the list of claims was accurate. She saw no discrepancies with the Medicaid claims. However, she did see her name on a personal health statement from ABCBS for recipient LM and confirmed that she does not know her and never saw her.

Investigator Rolfe reviewed Medicaid claims filed that listed Whitney Balentine as the performing provider. Investigator Rolfe provided this list to Ms. Balentine for her review. Ms. Balentine identified one claim dated 3/30/18 for recipient MM that she did not recognize. She signed an affidavit provided by Investigator Rolfe, confirming one false claim that was submitted using her provider identification number for services she did not provide. She was not aware that the claim was being submitted. Absolute billed Medicaid $150.00 for these services. Medicaid paid $0 on this claim.

Exhibit B

PAGE  03/15

Investigator Rolfe reviewed additional claims billed by Absolute and identified Dr. Joel Fankhauser listed as a performing provider for Absolute.  Joel Fankhauser, MD, was listed as a performing provider for two claims filed by Absolute. This claim listed Dr. Fankhauser as having provided family psychotherapy to recipient AM.  Dr. Fankhauser told Investigator Rolfe that he is a licensed pediatrician who does not provide psychotherapy services and he has never worked as a provider of services for Absolute.  Investigator Rolfe provided Dr. Fankhauser with a copy of the claims attached to an affidavit for his review.  He was not aware that these claims were being submitted. Absolute billed Medicaid $350.00 for these services.  Medicaid paid $97.90 on these claims.

Speech therapist, Janna Hines first contracted with New Beginning.  She later began working with Absolute and was the clinic's first therapist. Ms. Hines performed speech therapy for Absolute from May 2017 through early February 2018.  She reported concerns of Anthony Christopher committing fraud.  Investigator Rolfe provided Ms. Hines with a copy of the claims listing her as performing provider attached to an affidavit. She signed the affidavit confirming the spreadsheet contains thirty eight false claims that were submitted using her provider identification number for services she did not provide. She was not aware that the claims were being submitted.  Absolute billed Medicaid $6,650.00 for these services.  Medicaid paid $2,584.88 on these claims.

The dates of services within the investigation were expanded to include claims paid through 2/7/19.

### Services not medically necessary:

The Medicaid Provider Manual Section 241.000 (D) states *"The PCP or attending physician is responsible for determining medical necessity for therapy treatment.  The individual's diagnosis must clearly establish and support that the prescribed therapy is medically necessary."* Investigator Rolfe compared patient records from Absolute.  Absolute's records for recipient OB (age 2) include a referral for evaluations for mental health and developmental therapy.  The evaluation completed by Absolute stated the child displayed "....physically aggressive behaviors towards others and will also hit his own head against the wall." There is no psychotherapy referral in the child's medical records.  All notes/comments within the records state the child is "....doing well developmentally.....no concerns about hearing/screening."  There is a prescription and plan of care within the medical records for occupational therapy and an additional referral from Absolute that only says "Evaluate/Treat" dated 8/29/18.  It does not comment or mention psychotherapy or mental health treatment, but is included with a referral that was approved by the physician for occupational therapy.  The child's medical file contains only records for occupational therapy evaluation and treatment.  The only psychotherapy records were found in Absolute's files, and not in the medical records.  Medicaid billed $5,887.50 for these services.  Medicaid paid $1,963.15.

Absolute faxed a referral to Dr. Joel Fankhauser on January 2, 2018 to evaluate and treat recipient HK, a former patient of Dr. Fankhauser.  The referral had already been filled out requesting Dr. Fankhauser's signature to test recipient HK for multiple personality disorder.  Dr. Fankhauser contacted the patient's family and confirmed that the child relocated and no longer lives in Arkansas.

*Exhibit B*

PAGE   B4/15

In October 2018, Dr. Fankhauser received a request for a speech therapy referral for recipient AJC. Dr. Fankhauser asked the child's mother why he was receiving the request, and she said that Absolute screened her child at daycare, before the child saw Dr. Fankhauser, and is requesting a full evaluation.

In December 2018, Absolute requested a referral from Dr. Fankhauser for recipient CC. Their request was for a mental health referral. Dr. Fankhauser returned the referral to Absolute, and noted on the referral that this child had not received mental health care from Absolute for almost a month, and had not requested a new referral.

On 9/13/18, Bentonville Pediatrics received a psychotherapy treatment plan for recipient CJC (age 2). CJC was evaluated by therapist Amber Boyd on 9/5/18. In her treatment plan, it is stated that the child was being referred by an occupational therapist at Children's Therapy TEAM (another therapy provider). The medical file for CJC contains a discharge statement from the therapist at Children's Therapy TEAM which says the child was being discharged from occupational therapy as of 8/16/18 (prior to the evaluation by Absolute) because the services were no longer needed. The file does not mention a need for psychotherapy from either the physician or the occupational therapist. Absolute has billed Medicaid for psychotherapy (9/5/18-1/28/19) $5,550.00. Medicaid paid $2,463.71 for these services.

Anthony Christopher is the Director for New Beginning Children's Home. Several of the children who live at New Beginning receive early intervention services through the First Connections program. Absolute is the exclusive therapy provider to New Beginning. Anthony Christopher used physicians from Bentonville Pediatrics and Harvey Pediatrics to work as primary care physicians to the children housed at New Beginning. Dr. Bryan Harvey (Harvey Pediatrics) said his office became concerned about the care of the children at New Beginning and the referral process. Dr. Harvey noticed a high rate of turnover in therapists from Absolute. The referrals from New Beginning were coming to the doctors' office already filled out waiting for a doctor's signature. After they were signed, the referrals were being returned almost immediately requesting a prescription. This short turn around would make it difficult, or even impossible for a child to be seen by a therapist to have an evaluation. Evaluations from a therapist are required for a PCP to determine the medical necessity of the therapy, and therefore write a prescription. Harvey Pediatrics stopped working with Absolute in 2017.

Physicians with Bentonville Pediatrics expressed the same concerns with Absolute. Bentonville Pediatrics provided Investigator Rolfe with a copy of an email sent to Anthony Christopher dated February 1, 2018. The clinic manager at that time stated in the email "We keep getting referrals for patients we have never seen but have already been seen by therapist and received several types of therapy. We cannot back date these and sign-off on them if we do not have a documented visit."

**Billing for services prior to receiving referrals or prescriptions:**

Ladonna Humphrey, a former employee for Absolute, reported that Anthony Christopher and Linnea Heintz (the director of Absolute) were requesting referrals and prescriptions from physicians *after* services began. She also said that Anthony Christopher altered physician referrals. The Office of The Medicaid Inspector General (OMIG) conducted an audit of Absolute in July 2018. OMIG reported several findings which included no and/or invalid PCP

referrals, prescriptions, and evaluation and treatment plans.   Ms. Humphrey reported that Anthony Christopher asked some of his staff, including Ms. Humphrey to call physicians and request referrals and prescriptions for the OMIG audit. Ms. Humphrey said when she questioned Anthony Christopher about the referrals, he told her they had been lost. Ms. Humphrey also had children who received therapy services from Absolute.

Investigator Rolfe compared medical records for a recipient AH, whose PCP was asked to sign referrals around the time of the OMIG audit in July.   Two referrals were found that had been pre-dated *prior* to the physician signing them.   The electronic signatures from the PCP confirm that the physician signed the referral after Absolute began billing Medicaid for services. The referrals are described below:

- Referral #1 pre-dated 3/26/18 (mental health therapy)
  - Electronic signature from PCP dated 7/2/18
  - Absolute began billing Medicaid 4/12/18
  - Billed Medicaid $1,925.00 from 4/12/18 through 6/21/18
  - Medicaid Paid $881.14.

- Referral #2 pre-dated 2/9/18 (occupational, physical and speech therapy)
  - Electronic signature from PCP dated 7/6/18
  - Absolute began billing Medicaid 2/26/18
  - Billed Medicaid $19,500.00 from 2/26/18 through 6/28/18
  - Medicaid paid $7,228.16

Altering referrals:

Investigator Rolfe identified a referral that was altered *after* the physician returned it to Absolute.  Additional therapy services that were not requested by the child's PCP had been added by Absolute.  The initial referral requested one therapy service for the child.  The altered referral requested all possible therapy services, and comments from the physician which specifically indicated the referral was for speech therapy was also altered to remove "S.T." for speech and was left to read as "referral/eval" only.   Several of Absolute's former staff and therapists said that Anthony Christopher received all referrals for his review to determine if additional therapy services would be requested from the physician.   Mr. Christopher is not a licensed therapist or a physician.  Medical necessity of therapy services is determined and approved by a recipient's physician.

Text message conversations that include Anthony Christopher revealed that Mr. Christopher claimed to be a mental health therapist.  He used this to justify his push to request multiple therapy services for young children when physicians did not.  He stated that he and Linnea Heintz could observe and provide documentation to support various evaluations for mental health diagnoses in children. He also states that evaluations and prescriptions are filled out by Absolute for the physicians to sign. Medical necessity of therapy services is determined and approved by a recipient's physician.

There are additional text messages where Anthony Christopher asked a therapist to sign off on notes for a new therapist whose Medicaid number had not been activated.  This would allow Mr. Christopher to bill Medicaid for sessions by both therapists.  The therapist did not

*Exhibat B*

(Deputy Clerk)

I hereby find that this sworn affidavit demonstrates reasonable and probable cause for the issuance of a warrant of arrest for the above-named individual for the above-stated offense.

District Judge

Pulaski County District Court,
Little Rock, Arkansas

Exhibit B

COPY

Prosecuting Attorney's Form Affidavit

Form supplied by

Date: 1-28-20

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS

AFFIDAVIT FOR WARRANT OF ARREST FOR THE FOLLOWING PERSON:

Potential Defendant's Name:   Anthony Christopher
Race:                ·White
Sex:                 Male
DOB:                 2/19/88

Address:             1514 NE Young Avenue
City:                Bentonville
State:               AR
Zip Code:            72712-7365
Phone No.:           479-799-4440

☐ Felony - "D" Class
☐ Misdemeanor
☐ Violation

Pursuant to Rule 7.1 of the Arkansas Rules of Criminal Procedure, the undersigned affiant being duly sworn, deposes and says that she has reason to believe that the above-named person has committed the offense of violating Ark. Code Ann. §5-37-227(b), Nonfinancial Identity Fraud, committed by knowingly obtaining another person's identifying information without the other person's authorization and using the identifying information for any unlawful purpose. Nonfinancial Identity fraud is a Class "D" Felony, in Pulaski County, Arkansas, against the peace and dignity of the State of Arkansas.

FACTS CONSTITUTING REASONABLE CAUSE

I, Terry Rolfe, an investigator for the Medicaid Fraud Control Unit (MFCU) of the Arkansas Attorney General's Office, swear and affirm the following is based upon my investigation.

Absolute Pediatric Therapy (Absolute) is a therapy provider for young children. Their services include; regular therapy (speech, occupational and physical therapy), developmental rehabilitation, and mental and behavioral health. Melissa Stone, an investigator with Arkansas Blue Cross Blue Shield, reported to the MFCU that Absolute filed claims for services listing therapists as rendering providers for children they did not see. Former staff and therapists also reported Absolute billed for services not rendered, altered referrals, and inflated referrals to bill

Exhibit B

for services that were not medically necessary. Absolute is owned by *Anthony Christopher*. Mr. Christopher is also the Director for New Beginning Children's Home.

Anthony Christopher fraudulently billed the Arkansas Medicaid Program by using the Medicaid provider identification number of therapists without their knowledge or consent. Mr. Christopher used the provider identification numbers to list these therapists as performing providers to recipients they did not treat.

Alicia Mooney is the owner of Trucks and Tiaras Learning Center in Bentonville, AR. Ms. Mooney contracted with Absolute for therapy sessions for children at her learning center. Personally, she used Absolute to provide therapy to her daughter LM. Ms. Mooney reported that she noticed an unfamiliar name on an insurance document for her daughter's therapy. The treating therapist listed on the document was a name that she did not recognize. She inquired with the clinic and the therapist listed. Ms. Mooney confirmed with the clinic that she had not seen her daughter and did not know who her daughter was. Ms. Mooney reported this to Investigator Stone who then reported the case to the MFCU.

Whitney Balentine is a speech therapist, formally a contract employee for Absolute. She was contacted by Carrie Willyard, another therapist for Absolute, who identified her name listed fraudulently on an Arkansas Blue Cross Blue Shield statement. Both Carrie Willyard and Whitney Balentine were listed as treating therapists for patient LM. Ms. Balentine did not know the patient and did not treat the patient.

Investigator Rolfe obtained Medicaid claims filed by Absolute that listed Ms. Balentine as the performing provider. This list was provided to Ms. Balentine for her review. She identified one claim for a child that she did not know. She signed an affidavit provided by Investigator Rolfe confirming one false claim that was submitted using her provider identification number for services she did not provide. She was not aware that the claim was being submitted and did not consent to the use of her provider identification number for these services. Absolute billed Medicaid $150.00 for these services.

I swear that the allegations contained herein are the truth, the whole truth and nothing but the truth.

Affiant's Signature
Terry Rolfe
Investigator
Medicaid Fraud Control Unit
Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3653

Subscribed and sworn to before me this __5__ day of __Feb__ , __2020__

District Court Clerk By: _____LM. LMooner_____
(Deputy Clerk)

I hereby find that this sworn affidavit demonstrates reasonable and probable cause for the issuance of a warrant of arrest for the above-named individual for the above-stated offense.

District Judge _____

Pulaski County District Court,
Little Rock, Arkansas

Exhibit B

Prosecuting Attorney's Form Affidavit

Form supplied by

Date: 1-28-20

COPY

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS

AFFIDAVIT FOR WARRANT OF ARREST FOR THE FOLLOWING PERSON:

Potential Defendant's Name: Anthony Christopher
Race: White
Sex: Male
DOB: 2/19/88

Address: 1514 NE Young Avenue
City: Bentonville
State: AR
Zip Code: 72712-7555
Phone No.: 479-799-4440

☒ Felony – "D" Class
☐ Misdemeanor
☐ Violation

Pursuant to Rule 7.1 of the Arkansas Rules of Criminal Procedure, the undersigned affiant being duly sworn, deposes and says that she has reason to believe that the above-named person has committed the offense of violating Ark. Code Ann. §5-37-227(b), Nonfinancial Identity Fraud, committed by knowingly obtaining another person's identifying information without the other person's authorization and using the identifying information for unlawful purpose. Nonfinancial Identity fraud is a Class "D" Felony, in Pulaski County, Arkansas, against the peace and dignity of the State of Arkansas.

FACTS CONSTITUTING REASONABLE CAUSE

I, Terry Rolfe, an investigator for the Medicaid Fraud Control Unit (MFCU) of the Arkansas Attorney General's Office, swear and affirm the following is based upon my investigation.

Absolute Pediatric Therapy (Absolute) is a therapy provider for young children. Their services include: regular therapy (speech, occupational and physical therapy), developmental rehabilitation, and mental and behavioral health. Melissa Stone, an Investigator with Arkansas Blue Cross Blue Shield reported to the MFCU that Absolute filed claims for services listing therapists as rendering providers for children they did not see. Former staff and therapists also reported Absolute billed for services not rendered, altered referrals, and inflated referrals to bill

Exhibit B

page 12/15

for services that were not medically necessary. Absolute is owned by Anthony Christopher. Mr. Christopher is also the Director for New Beginning Children's Home.

Anthony Christopher fraudulently billed the Arkansas Medicaid Program by using the Medicaid provider identification number of therapists without their knowledge or consent. Mr. Christopher used the provider identification numbers to list these therapists as performing providers to recipients they did not treat.

Alicia Mooney is the owner of Trucks and Tiaras Learning Center in Bentonville, AR. Ms. Mooney contracted with Absolute for therapy sessions for children at her learning center. She personally used them as well to provide therapy to her daughter LM. Ms. Mooney reported that she noticed an unfamiliar name on an insurance document for her daughter's therapy sessions. The treating therapist listed on the document was a name that she did not recognize, so she inquired with the clinic and the therapist who was listed. Ms. Mooney confirmed with the therapist that she had not seen her daughter and did not know who her daughter was. Ms. Mooney reported this to Melissa Stone, an investigator with Arkansas Blue Cross Blue Shield. Ms. Stone reported the case to the MFCU.

Speech therapist, Janna Hines was the first therapist to contract with Anthony Christopher and worked primarily with the children at New Beginning. Ms. Hines performed speech therapy for Absolute from May 2017 through early February 2018. Claims identified by Investigator Rolfe listing Janna Hines as treating therapist were provided to Ms. Hines for review. Janna Hines identified thirty-eight (38) false claims that were submitted using her provider identification number for services she did not provide. Ms. Hines signed an affidavit provided by Investigator Rolfe stating that she did not provide these services and was not aware that the claims were being submitted. Absolute billed Medicaid $6,650.00 for these services.

Fusion Web Clinic is the clinic management software system used by Absolute. Records maintained by Fusion include scheduling, billing and documentation of patient records. Fusion's software provides date-stamps for its reports, some of which are automatically generated the day the information is entered. The MFCU obtained information on users who have the ability to make changes to records within the software. Fusion reported that Anthony Christopher altered Janna Hines' user profile on at least two occasions after she left Absolute.

I swear that the allegations contained herein are the truth, the whole truth and nothing but the truth.

Affiant's Signature
Terry Rolfe
Investigator
Medicaid Fraud Control Unit
Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3653

Exhibit
B

PAGE 13/15

Subscribed and sworn to before me this 5 day of Feb , 20 2019.

District Court Clerk By: M. Mancy
(Deputy Clerk)

I hereby find that this sworn affidavit demonstrates reasonable and probable cause for the issuance of a warrant of arrest for the above-named individual for the above-stated offense.

District Judge

Pulaski County District Court,
Little Rock, Arkansas



**COPY**

Prosecuting Attorney's Form Affidavit

Form supplied by _____

Date: 1-28-20

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS

AFFIDAVIT FOR WARRANT OF ARREST FOR THE FOLLOWING PERSON:



| | |
|---|---|
| Potential Defendant's Name: | Anthony Christopher |
| Race: | White |
| Sex: | Male |
| DOB: | 2/19/88 |

| | |
|---|---|
| Address: | 1514 NE Young Avenue |
| City: | Bentonville |
| State: | AR |
| Zip Code: | 72712-7555 |
| Phone No.: | 479-789-4440 |

☒ Felony –"D" Class
☐ Misdemeanor
☐ Violation

Pursuant to Rule 7.1 of the Arkansas Rules of Criminal Procedure, the undersigned affiant being duly sworn, deposes and says that she has reason to believe that the above-named person has committed the offense of violating Ark. Code Ann. §5-37-227(b), Nonfinancial Identity Fraud, committed by knowingly obtaining another person's identifying information without the other person's authorization and using the identifying information for any unlawful purpose. Nonfinancial identity fraud is a Class "D" Felony, in Pulaski County, Arkansas, against the peace and dignity of the State of Arkansas.

FACTS CONSTITUTING REASONABLE CAUSE

I, Terry Rolfe, an investigator for the Medicaid Fraud Control Unit (MFCU) of the Arkansas Attorney General's Office, swear and affirm the following is based upon my investigation.

Absolute Pediatric Therapy (Absolute) is a therapy provider for young children. Their services include: regular therapy (speech, occupational and physical therapy), developmental rehabilitation, and mental and behavioral health. Melissa Stone, an investigator with Arkansas Blue Cross Blue Shield reported to the MFCU that Absolute filed claims for services listing therapists as rendering providers for children they did not see. Former staff and therapists also reported Absolute billed for services not rendered, altered referrals, and inflated referrals to bill

Recent Posts                                                                                              See All

| | | |
|---|---|---|
| Centerton police report details information concerning March 30 Ben... | Crawford County Inmate Roster: March 30-31, 2020 | Sebastian County Mugshots: March 30th & 31st, 2020 |

for services that were not medically necessary. Absolute is owned by Anthony Christopher. Mr. Christopher is also the Director for New Beginning Children's Home.

Anthony Christopher fraudulently billed the Arkansas Medicaid Program by using the Medicaid provider identification number of therapists and a local physician without their knowledge or consent. Mr. Christopher used the provider identification numbers to list them as performing providers to recipients they did not treat.

While reviewing claims billed by Absolute, Investigator Rolfe identified the name of Joel Fankhauser as a performing provider for Absolute. Dr. Joel Fankhauser is a licensed pediatrician with Direct Care Clinic in Bentonville, AR. On 5/17/18 and 5/18/18, Absolute billed Medicaid $350.00 for family psychotherapy services to recipient AB. Investigator Rolfe provided Dr. Fankhauser with a copy of these claims attached to an affidavit for his review. He signed the affidavit stating that he is a licensed pediatrician who does not provide any psychotherapy services. Dr. Fankhauser has never worked, in any capacity as a provider of services for Absolute. The two claims, using his provider identification number were filed without his knowledge or consent.

I swear that the allegations contained herein are the truth, the whole truth and nothing but the truth.

_____
Affiant's Signature
Terry Rolfe
Investigator
Medicaid Fraud Control Unit
Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3653

Subscribed and sworn to before me this  5  day of  Feb , 20 20 .

District Court Clerk By: _____
(Deputy Clerk)

I hereby find that this sworn affidavit demonstrates reasonable and probable cause for the issuance of a warrant of arrest for the above-named individual for the above-stated offense.

_____          _____
District Judge                    Pulaski County District Court,
                                  Little Rock, Arkansas

Exhibit B

# ANTHONY CHRISTOPHER

Custody Record



Age **32**
Gender **Male**
Race **White**

**AR: Pulaski County Sheriff's Office**
ID Number **253536**
Custody Status **Out of Custody**
Custody Detail **Bonded out**

Due to the current status, updates on this record are no longer available. If you have any questions, please contact the facility.

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2018-Nov-29  16:44:23
04CV-18-2961
C19WD05 : 5 Pages

IN THE CIRCUIT COURT OF BENTON COUNTY ARKANSAS
CIVIL DIVISION

ABSOLUTE PEDIATRIC SERVICES, INC. D/B/A
ABSOLUTE PEDIATRIC THERAPY AND
ANTHONY CHRISTOPHER                                  **PLAINTIFFS**

VS.                          **CASE NO. 04CV-18-2961**

LADONNA HUMPHREY, INDIVIDUALLY                       **DEFENDANT**

### PLAINTIFFS' REPLY AND ANSWER TO DEFENDANT'S COUNTER-CLAIM

Plaintiffs, Absolute Pediatric Services, Inc. d/b/a Absolute Pediatric Therapy and Anthony Christopher, for their Reply and Answer to Defendant's Counter-Claim state as follows:

1.      Plaintiffs admit the allegations in paragraph 133 of the Answer to Complaint and Counterclaim.

2.      Plaintiffs admit the allegations in paragraph 134 of the Answer to Complaint and Counterclaim.

3.      Plaintiffs admit that the Court has personal jurisdiction over them but deny the remaining allegations in paragraph 135 of the Answer to Complaint and Counterclaim.

4.      Plaintiffs deny the allegations in paragraph 136 of the Answer to Complaint and Counterclaim.

5.      Plaintiffs deny the allegations in paragraph 137 of the Answer to Complaint and Counterclaim.



6.      Plaintiffs state that they are without sufficient information or knowledge as to form a belief as to the truth of the allegations asserted in paragraph 138 of the Answer to Complaint and Counterclaim, and therefore, those allegations are denied. Plaintiffs affirmatively state that Absolute Pediatric Therapy was not engaged in any Medicaid fraud and that Defendant's actions regarding this lawsuit were malicious and false and are not protected.

7.      Plaintiffs deny the allegations in paragraph 139 of the Answer to Complaint and Counterclaim.

8.      Plaintiffs deny the allegations in paragraph 140 of the Answer to Complaint and Counterclaim.

9.      Plaintiffs deny the allegations in paragraph 141 of the Answer to Complaint and Counterclaim.

10.     Plaintiffs deny the allegations in paragraph 142 of the Answer to Complaint and Counterclaim.

11.     Plaintiffs deny the allegations in paragraph 143 of the Answer to Complaint and Counterclaim.

12.     Plaintiffs deny the allegations in paragraph 144 of the Answer to Complaint and Counterclaim.

13.     Plaintiffs deny Defendant is entitled to the relief stated in paragraph 145 of the Answer to Complaint and Counterclaim.

14.     Plaintiffs deny the allegations in paragraph 146 of the Answer to Complaint and Counterclaim.

15.     Plaintiffs deny the allegations in paragraph 147 of the Answer to Complaint and Counterclaim.



16.     Plaintiffs deny the allegations in paragraph 148 of the Answer to Complaint and Counterclaim.

17.     Plaintiffs deny the Defendant is entitled to the relief asserted in paragraph 149 of the Answer to Complaint and Counterclaim.

18.     Plaintiffs deny the Defendant is entitled to the relief asserted in paragraph 150 of the Answer to Complaint and Counterclaim.

19.     Plaintiffs deny the allegations in paragraph 151 of the Answer to Complaint and Counterclaim.

20.     Plaintiffs deny the allegations in paragraph 152 of the Answer to Complaint and Counterclaim.

21.     Plaintiffs deny the allegations in paragraph 153 of the Answer to Complaint and Counterclaim.

22.     Plaintiffs deny the Defendant is entitled to the relief requested in the WHEREFORE paragraph of Defendants Answer to Complaint and Counterclaim.

23.     Plaintiffs deny all allegations in the Answer to Complaint and Counterclaim that are not specifically admitted in this reply and answer.

24.     Plaintiffs assert all applicable defenses pursuant to Rule 8(c) of the Arkansas rules of Civil Procedure.

25.     Plaintiffs plead affirmatively that Defendant's Counterclaim should be dismissed pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief can be granted.

26.     Plaintiffs plead affirmatively all defenses available to any equitable claims asserted against them, including the doctrine of unclean hands.

3

27.      Plaintiffs plead affirmatively that Defendant has made false and malicious reports to the authorities.

28.      Plaintiffs plead affirmatively that some or all of Defendant's Counterclaim should be dismissed pursuant to Ark. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

29.      Plaintiffs plead affirmatively that some or all of Defendant's Counterclaim should be dismissed pursuant to Ark. R. Civ. P. 12(b)(3) due to improper venue.

30.      Plaintiffs plead affirmatively all affirmative defenses available to Plaintiffs under the False Claims Act and 31 U.S.C. 3730, as well as any provision, Act, or statute cited in Defendant's Counterclaim.

31.      Pursuant to Rule 10(c) of the Arkansas Rules of Civil Procedure, Plaintiffs adopt and incorporate by reference the allegations of their Complaint.

32.      Plaintiffs hereby give notice that they intend to rely upon other affirmative defenses as they become available or apparent during the course of discovery and, thus, reserve the right to amend their reply and answer to counterclaim to assert any such defenses prior to trial.

33.      Plaintiffs reserve the right to file an amended reply and answer to counterclaim or otherwise plead further in this action.

WHEREFORE, having fully replied, Plaintiffs / Counter-Defendants, Absolute Pediatric Services, Inc. d/b/a Absolute Pediatric Therapy and Anthony Christopher pray that the Counterclaim of Defendant / Counter-Plaintiff LaDonna Humphrey be dismissed with prejudice, for their attorneys' fees and costs in defending the Counterclaim, and for all other proper and equitable relief.



Absolute Pediatric Services, Inc. d/b/a Absolute
Pediatric Therapy and
Anthony Christopher, Plaintiffs

WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, Arkansas 72758-8960
(479) 986-0888
FAX: (479) 986-8932
E-MAIL: gritter@wlj.com


By _____

    Jason B. Hendren (97099)
    Glenn S. Ritter (2011146)
    Attorneys for Plaintiffs, Absolute Pediatric
    Services, Inc. d/b/a Absolute Pediatric Therapy
    and Anthony Christopher


## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing
was emailed on this ___29ᵗʰ___ day of November, 2018 unless otherwise received via the Court's
electronic notification system to:

Thomas D. Stockland, Bar #86211
Stockland & Trantham, P.A.
157 East Colt Dr., Suite 1
PO Box 1723
Fayetteville, AR 72702
(479) 521-7130 - Telephone
(479) 521-3608 - Fax
tstockland@sandtlaw.com


                             _____

                              Glenn S. Ritter (2011146)

Exhibit
D

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2018-Nov-29  16:44:23
04CV-18-2961
C19WD05 : 7 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY ARKANSAS
## CIVIL DIVISION

**ABSOLUTE PEDIATRIC SERVICES, INC. D/B/A**
**ABSOLUTE PEDIATRIC THERAPY AND**
**ANTHONY CHRISTOPHER**                                    **PLAINTIFFS**

**VS.**                         **CASE NO. 04CV-18-2961**

**LADONNA HUMPHREY, INDIVIDUALLY**                **DEFENDANT**

### PLAINTIFFS' RESPONSE TO DEFENDANT'S
### REQUEST FOR ADMISSION OF FACTS

Plaintiff, Anthony Christopher, and for his Response to Defendant's Request for

Admission of Facts, do state as follows:

**REQUEST FOR ADMISSION NO. 1:**     Admit that you altered prescriptions

provided by doctors requesting therapy evaluations for children.

**RESPONSE**: Denied.

**REQUEST FOR ADMISSION NO. 2:**  Admit that you reviewed every referral request

and determined if you thought there was additional therapies that should be performed by

Absolute Pediatric Therapy.

**RESPONSE:**  Denied as phrased.  I do admit that after losing a staff member in

September 2018, I reviewed referrals for a period of time to ensure that proper therapeutic

evaluations were assigned for evaluations as deemed necessary by the physician.  The paperwork

from various doctors look different when coming from different clinics, and it takes a trained eye

to be able to read through and find the reason for referral.



**REQUEST FOR ADMISSION NO. 3:**     Admit that you instructed employees of Absolute Pediatric Therapy to contact patients and have them see their physicians to change their prescriptions to allow additional services by Absolute Pediatric Therapy.

**RESPONSE:**  Denied as phrased.  I do admit that at times, children were requested to see their physician to document the need for an evaluation if they failed their developmental screener at their head start center. This is common practice and gives the physician a base line for follow up and tracking their patient's needs and growth within services.

**REQUEST FOR ADMISSION NO. 4:**     Admit you direct that patients be treated without a referral.

**RESPONSE:**  Denied.

**REQUEST FOR ADMISSION NO. 5:**  Admit that during a Medicaid audit in July that you scrambled to obtain referral prescriptions and treatment prescriptions in order to pass the audit because Absolute Pediatric Therapy had been treating patients without proper documentation.

**RESPONSE:**  Denied.

**REQUEST FOR ADMISSION NO. 6:**  Admit that Anthony Christopher ahs instructed employees to destroy original referral scripts and other information once the information is scanned into the patient record.

**RESPONSE:**  Admitted.  We are a paperless company.  In accordance with electronic medical records standards and the adherence of client protected health information, documents are shredded after they have been uploaded into the patient's electronic medical records chart.

**REQUEST FOR ADMISSION NO. 7:**     Admit that Linnea Heintz is a convicted felon.



**RESPONSE:**  Objection to the extent this request is wholly irrelevant.  Ms. Heintz has been fully licensed by the State of Arkansas to work with children.  Subject thereto, admitted that Ms. Heintz has a felony charge years ago per spoof emails that are believed to have been submitted by LaDonna Humphrey; it is also believed that Ms. Humphrey illegally obtained a background check on Ms. Heintz with this information.

**REQUEST FOR ADMISSION NO. 8:**  Admit that Anthony Christopher knew that Ms. Heintz was a convicted felon.

**RESPONSE:**  Objection to the extent this request is wholly irrelevant.  Ms. Heintz has been fully licensed by the State of Arkansas to work with children.  Subject thereto, admitted that Ms. Heintz has a felony charge years ago per spoof emails that are believed to have been submitted by LaDonna Humphrey; it is also believed that Ms. Humphrey illegally obtained a background check on Ms. Heintz with this information.

**REQUEST FOR ADMISSION NO. 9:**  Admit you have allowed Ms. Heintz to work with children.

**RESPONSE:**  Objection.  This request is vague, ambiguous, and confusing.  It is the State of Arkansas that has given Ms. Heintz a license and allowed her to work with children. I do not make this determination. Subject thereto, I admit that I have contracted her for services.

**REQUEST FOR ADMISSIONS NO. 10:**  Admit that you caused web site of Absolute Pediatric Therapy to be changed to delete any mention of Linnea Heintz.

**RESPONSE:**  I admit that I removed Linnea Heintz from the website, but this was common practice of the organization as roles change and new divisions of the company are added.   To imply that there was any wrongdoing or deception through this is simply wrong.



**REQUEST FOR ADMISSION NO. 11:**   Admit you caused the web site of New Beginnings to be changed to delete any mention of Linnea Heintz.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 12:**   Admit you told Defendant that Linnea Heintz had never been convicted of a felony.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 13:**   Admit that Absolute Pediatric Therapy did not always pay departing employees their final paycheck in a timely manner.

**RESPONSE:** An objection is made to this request to the extent it assumes that departing employees were entitled to certain funds, when in fact they were not. Subject to this objection, this request is denied as phrased. Absolute fully pays their departing employees in accordance with their contract for services and completion of documentation and work, as outlined under their scope of practice under their clinical licensure, and that of the Division of Medicaid Services.

**REQUEST FOR ADMISSION NO. 14:**   Admit there are employees who have left months ago that have still not received their final paycheck.

**RESPONSE:** An objection is made to this request to the extent it assumes that departing employees were entitled to certain funds, when in fact they were not. Subject to this objection, this request is denied as phrased. Absolute fully pays their departing employees in accordance with their contract for services and completion of documentation and work, as outlined under their scope of practice under their clinical licensure, and that of the Division of Medicaid Services.



**REQUEST FOR ADMISSION NO. 15:** Admit that one employee had to file an action in court before you issued his final paycheck.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 16:** Admit that the decision for Defendant to leave employment of Absolute Pediatric Therapy was made on September 17, 2018 and it was your intent to pay her 30 days severance pay.

**RESPONSE:** I admit that we were considering giving her severance pay. However, the remainder of the Request is denied. It ultimately was never our intent to pay Defendant severance because she was being terminated for cause. We had been considering terminating Defendant for poor performance for some time.

**REQUEST FOR ADMISSION NO. 17:** Admit subsequent to September 17, 2018, you changed your mind because you learned that she had reported your activities to the authorities.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 18:** Admit that the contract attached to the complaint dealing with non-disparagement was not executed by Defendant.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 19:** Admit the confidentiality contract attached to the Complaint was not executed by Defendant.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 20**: Admit that Defendant, LaDonna Humphrey, was never provided a job description.

**RESPONSE:** Denied, because LaDonna Humphrey drafted her job description.



**REQUEST FOR ADMISSION NO. 21:**   Admit the reason given for your termination from the Arkansas Support Network was they claimed you were engaged in Medicaid fraud.

**RESPONSE:**  Denied.

**REQUEST FOR ADMISSION NO. 22:**   Admit that a catholic church where you had a connection determined you could not work with children at that church.

**RESPONSE:**  Objection.  This request is wholly irrelevant.  Subject thereto, denied.  I am unaware of any determination ever being made against me that would prevent me from working with children; I have undergone extensive criminal background, FBI, child maltreatment, and adult maltreatment checks each year in order to work with children.  I do however, admit that a catholic church berated me and let me go due to my sexual orientation.

Absolute Pediatric Services, Inc. d/b/a Absolute
Pediatric Therapy and
Anthony Christopher, Plaintiffs

WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, Arkansas 72758-8960
(479) 986-0888
FAX: (479) 986-8932
E-MAIL: gritter@wlj.com

By

Jason B. Hendren (97099)
Glenn S. Ritter (2011146)
Attorneys for Plaintiffs, Absolute Pediatric
Services, Inc. d/b/a Absolute Pediatric Therapy
and Anthony Christopher



## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing was emailed on this ___29th___ day of November, 2018 unless otherwise received via the Court's electronic notification system to:

Thomas D. Stockland, Bar #86211
Stockland & Trantham, P.A.
157 East Colt Dr., Suite 1
PO Box 1723
Fayetteville, AR 72702
(479) 521-7130 - Telephone
(479) 521-3608 - Fax
tstockland@sandtlaw.com

Glenn S. Ritter (2011146)

*Exhibit E*

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2018-Dec-27  10:33:46
04CV-18-2961
C19WD05 : 2 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
### CIVIL DIVISION

ABSOLUTE PEDIATRIC SERVICES, INC., d/b/a
ABSOLUTE PEDIATRIC THERAPY and
ANTHONY CHRISTOPHER                                      **PLAINTIFF**

v.                                    No. 04CV-18-2961

LADONNA HUMPHREY, Individually                          **DEFENDANT**

### MOTION TO QUASH

1.      That a Subpoena was served upon Janna Hines on December 18, 2018 by the Wright, Lindsey and Jennings Law Firm asking for documents or correspondence relating to Anthony Christopher and/or Absolute Pediatric Therapy.

2.      That Janna Hines is not a party to this action, and has no personal knowledge, information or documents pertaining to the issues to be litigated in this Court, and which is the subject matter of the Subpoena to Produce Records in Civil Action, 04CV-18-2961.

3.      That the documents requested of Janna Hines do not exist.  The only correspondence Mrs. Hines has sent to anyone or any place would be to the Arkansas Attorney General's office at their request and has zero relevance to the issues litigated in this action.

4.      That this Subpoena is overly burdensome, overreaching and/or not relevant to the issues which are the subject of the litigation in this matter.

5.      That Janna Hines possesses no knowledge or information that would benefit the Court in making its decision in those pending matters before the Court.

6.      That said Subpoena is simply served for the purpose of harassing Janna

Hines and to intimidate her in cooperating with government authorities in an official

investigation of Absolute Pediatric Therapy and Anthony Christopher.

7.      That this Court should issue an Order to Quash the Subpoena which is

attached hereto as Exhibit "A".

WHEREFORE, Lewis E. Ritchey on behalf of his client Janna Hines, subpoenaed

witness, prays this Court grant her Motion To Quash Subpoena, and for all other just and

proper relief to which she may be entitled.

Respectfully submitted,

Lewis E. Ritchey
801 West Fourth Street
Little Rock, Arkansas 72201
Attorney for Janna Hines
501/376-0000

## CERTIFICATE OF SERVICE

I, Lewis E. Ritchey, do hereby certify that a copy of the above and foregoing Motion
to Quash has been provided to Glenn S. Ritter and Jason B. Hendren, Wright, Lindsey &
Jennings, LLP, 3333 Pinnacle Hills Parkway, Suite 510, Rogers, Arkansas, 72758-8960, on
this 27ℏ day of _December_, 2018.

Lewis E. Ritchey
State Bar No. 84130

*Exhibit*

*F*

ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2019-Jun-07 14:59:40
04CV-18-2961
C19WD05 : 6 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**ABSOLUTE PEDIATRIC SERVICES, INC. d/b/a**
**ABSOLUTE PEDIATRIC THERAPY and**
**ANTHONY CHRISTOPHER**                                            **PLAINTIFFS**

v.                          **CASE NO.: 04CV-18-2961**

**LADONNA HUMPHREY, Individually**                          **DEFENDANT**

### PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiffs, Absolute Pediatric Services, Inc. d/b/a Absolute Pediatric Therapy ("Absolute") and Anthony Christopher ("Christopher"), by and through their attorneys, Wright, Lindsey & Jennings, LLP, and for their Motion to Dismiss Counterclaim of Defendant LaDonna Humphrey ("Humphrey") state:

1.

Defendant's counterclaim of Medicaid fraud must be dismissed by this Court for numerous reasons. First, Defendant completely failed to adhere to the statutory requirements of the federal False Claims Act, which is the sole basis for her counterclaim. *Humphrey did not even attempt to bring her claim on behalf of the government, who is the real party in interest that is allegedly owed money.* Second, the State of Arkansas does not allow qui tam actions to be brought by individuals for complaints of Medicaid fraud on behalf of the State – the investigation and decision to file a civil lawsuit for fraud regarding the Arkansas Medicaid Program rests *solely*



with the Attorney General's office.  Defendant has no standing, and this Court lacks jurisdiction to hear a federal False Claims Act case.  Defendant's counterclaim must be dismissed with prejudice.

2.

On October 31, 2018, Humphrey filed a counterclaim alleging that Absolute was engaged in Medicaid fraud and that she was retaliated against for reporting Medicaid fraud.  <u>See</u> Defendant's Answer and Counterclaim, at ¶¶ 133-144.  She asserted her counterclaim "under the False Claims Act 31 U.S.C. 3730."  <u>Id.</u> at ¶ 138. This was the *only* legal authority cited by Humphrey in her counterclaim.  On November 29, 2018, Plaintiffs filed a Reply and Answer to Defendant's Counterclaim, denying the Court had subject matter jurisdiction, and affirmatively asserting the counterclaim must be dismissed pursuant to Ark. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6).  <u>See</u> Plaintiffs' Reply and Answer to Defendant's Counterclaim, at ¶¶ 3, 25, 28, 29.  Plaintiffs also asserted all defenses under the provisions of the False Claims Act.  <u>Id.</u> at ¶ 30.

3.

The federal False Claims Act states that for a person to bring a civil action for a false claim, "the action **shall** be brought in the name of the Government," "a copy of the complaint and written disclosure of substantially all material evidence and information the person possess **shall** be served on the Government," "the complaint **shall** be filed in camera, **shall** remain under seal for at least 60 days, and **shall not** be served on the defendant until the court so orders."  31 U.S.C.A. § 3730(b)(1) and

2



(2). Failure to adhere to these requirements results in the action being dismissed with prejudice. See U.S. ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 998–1000 (2d Cir. 1995) ("failure to comply with the filing and service provisions irreversibly frustrated the congressional goals underlying those provisions;" case dismissed with prejudice); Erickson ex rel. U.S. v. Am. Inst. of Biological Scis., 716 F. Supp. 908, 911–12 (E.D. Va. 1989) (dismissal of action with prejudice for Erickson's failure to comply with statutory requirements of False Claims Act); White v. Apollo Grp., 241 F. Supp. 2d 710, 714 (W.D. Tex. 2003) (dismissing claim for failing to meet procedural requirements expressed in False Claims Act). Humphrey did not meet these mandatory requirements in the False Claims Act, and therefore, her action must be dismissed with prejudice.[1]

4.

A False Claims Act claim is a *federal* claim that is to be brought "in the appropriate district court of the United States." 31 U.S.C.A. § 3730(h)(2); see also 31 U.S.C.A. § 3732. Humphrey brought her action in the wrong court; a state court would not hear such a claim. Id.

5.

It is presumed that Humphrey is making (unfounded) allegations of fraud with respect to the Arkansas Medicaid Program, as the subject would be reimbursement for child therapy services and she alleges "Medicaid fraud." The State of Arkansas

---

[1] It is wholly disingenuous and not well taken for Humphrey to cite 31 U.S.C. 3730 in her counterclaim and then not follow it in the slightest bit. It is apparent that her motive was to publicly allege fraud before any government authority could investigate the merits of her claim.

1870533-v1



has its own version of the federal act called the "Medicaid Fraud False Claims Act." See Ark. Code Ann. § 20-77-901 et seq. The Medicaid Fraud False Claims Act does not allow an individual to file a civil action on behalf of the State of Arkansas; there is no qui tam provision. This investigation and discretion to file suit lies solely within the Attorney General's office. Id. Simply put, Humphrey has no standing to bring a claim concerning Medicaid fraud. No statute gives her authority to bring such an action.

9.

In conclusion, the law requires that Humphrey's counterclaim be dismissed with prejudice. The federal law requires it be dismissed with prejudice, because she did not follow the requirements set forth in the False Claims Act at 31 U.S.C.A. § 3730(b). Her counterclaim for a *federal* False Claims Act case was filed in the wrong court; a state court does not have jurisdiction over this. Furthermore, under Arkansas law, Humphrey has no right to bring a fraud claim concerning funds paid by the Arkansas Medicaid Program; this responsibility lies solely with the Attorney General. Humphrey asserted this counterclaim in bad faith, without any legal basis (or apparent knowledge), as a way to further harm the reputation and goodwill of Absolute. In addition to dismissal with prejudice, Plaintiffs respectfully ask the Court to consider additional sanctions for Defendant's blatant violations, or ignorance, of the law.

10.

Plaintiffs are filing a brief in support contemporaneously with this Motion.

WHEREFORE, Plaintiffs pray that the Court grant their Motion to Dismiss Defendant's Counterclaim; that the Court dismiss Defendant's Counterclaim with prejudice; that the Court enter appropriate sanctions against Defendant for her blatant violation or ignorance of the law; for Plaintiffs' reasonable attorneys' fees and costs in having to file this motion and subsequent pleadings related thereto; and for all other appropriate and additional relief to which Plaintiffs may be entitled.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, Arkansas 72758-8960
(479) 986-0888
FAX: (479) 986-8932
E-MAIL: gritter@wlj.com

By _____

Jason B. Hendren (97099)
Glenn S. Ritter (2011146)
Attorneys for Plaintiffs, Absolute
Pediatric Services, Inc. d/b/a Absolute
Pediatric Therapy and Anthony
Christopher

1870533-v1

## CERTIFICATE OF SERVICE

On June ___7___, 2019, a copy of the foregoing was served by e-mail on the

following parties of record:

Tom Stockland
Stockland & Trantham, P.A.
P. O. Box 1723
Fayetteville, AR  72702
(479) 521-7130, Telephone
(479) 521-3608, Fax
tstockland@sandtlaw.com
*Attorney for Defendant*

_____
Glenn S. Ritter

6

1870533-v1