UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE:  LADONNA HUMPHREY, DEBTOR

DISTRICT COURT NUMBER:  5:20-cv-05048-PKH

BANKRUPTCY COURT NUMBER:  5:19-bk-72555

<u>APPELLEES' BRIEF</u>

Come now Bianca Rucker, Chapter 7 Trustee ("Trustee"), and Absolute
Pediatric Services, Inc. d/b/a Absolute Pediatric Therapy ("Absolute") and for their
Appellees' Brief in response to the appeal of Debtor LaDonna Humphrey
("Humphrey"):

I.      INTRODUCTION

Humphrey's appeal arises from Judge Ben Barry's order granting Trustee's
Motion to approve the sale of Humphrey's appellate rights in a state court case, in
which the state court Judge struck Humphrey's answer, dismissed her counterclaim,
awarded approximately $3.5 million in damages, and threw Humphrey in jail for 10
days, as a result of her spoliation of evidence and lack of candor towards the Court.
The sale of Humphrey's appellate rights was valid.  Her appellate rights were
admittedly property of the estate.  But as an initial matter, Humphrey lacks standing
to pursue this appeal and to object to the sale at issue.  In addition, Ms. Humprhey
did not ask for a stay of Judge Barry's Order pending appeal, and the completion of

1

the sale after Judge Barry's order was entered renders this appeal moot pursuant to 11 U.S.C. § 363(m).

II.    BRIEF SUMMARY OF FACTS

On December 4, 2019, Trustee filed a Motion for Approval of Sale Pursuant to 11 U.S.C. 363 and Notice of Opportunity to Object and Overbid.  (Doc. #46).  Trustee had received an offer from Absolute to buy Humphrey's claims, including the state court appellate rights at issue.  Id.  The offer by Absolute was the highest and best offer.  No one else bid on Humphrey's claims.  Id.  The sale was in the best interest of the bankruptcy estate.  Id.  On December 25, 2019, Humphrey, through her counsel, filed a Response to this Motion with a generalized objection to the sale. (Doc. #59).  Humphrey cited no legal authority and made no argument with any legal basis.  Id.

The hearing on Trustee's Motion was held before Judge Ben Barry on February 12, 2020.  During the hearing, counsel for Humphrey, Stanley Bond, admitted that Humphrey's claims, including her appellate rights, were property of the estate.  See Transcript.  He also admitted, and did not object to, the appropriateness and validity of the terms of the sale.  Humphrey's *sole* argument at that hearing was that the Court could not sell Humphrey's appellate rights because an appeal issue concerned Humphrey's right to a jury trial.  Humphrey did not testify at the hearing.  Judge Barry granted the Trustee's Motion and approved the sale.  This Order was entered on February 14, 2020.  (Doc. #72).   On March 18, 2020, Trustee filed a Report of Sale of Humphrey's claims, which attached the Bill of Sale and Assignment to Absolute. (Doc. #79).

2

III.    LEGAL ARGUMENT

A. **Humphrey lacks standing to pursue this appeal and object to the sale at issue.**

The issue before the Court has already been decided in <u>Marshall v. McCarty (In re Marshall)</u>, 611 B.R. 861 (8th Cir. B.A.P. 2020) and <u>Belew v. Rucker (In re Belew)</u>, 608 B.R. 206 (8th Cir. B.A.P. 2019).  In <u>In re Marshall</u>, the Court stated:

> This Court has an independent duty to examine our jurisdiction. *Belew v. Rucker (In re Belew)*, 608 B.R. 206, 208 (8th Cir. BAP 2019). If the appellant does not have standing, we do not have jurisdiction. *Id.*

> To have standing to appeal an order, an appellant must demonstrate he or she is a person aggrieved by the order. Under the "person aggrieved" doctrine, only appellants who are directly and adversely affected pecuniarily by an order have standing to appeal that order. Put another way, only appellants who have a financial stake in an order have standing to appeal that order.  *Id.*

> " 'Person aggrieved' is, of course, a term of art: almost by definition, all appellants may claim in some way to be 'aggrieved,' else they would not bother to prosecute their appeals." *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir.1995). "The doctrine limits standing to persons with a financial stake in the bankruptcy court's order, meaning they were directly and adversely affected pecuniarily by the order." *In re Peoples*, 764 F.3d 817, 820 (8th Cir. 2014). An appellant is a party aggrieved "if the bankruptcy court order diminishes the person's property, increases the person's burdens, or impairs the person's rights." *Opportunity Fin., LLC v. Kelley*, 822 F.3d 451, 458 (8th Cir. 2016) (citing *In re Marlar*, 267 F.3d 749, 753 n. 1 (8th Cir. 2001)).

<u>In re Marshall</u>, 611 B.R. 861, 863 (B.A.P. 8th Cir. 2020).

> In <u>In re Marshall</u>, the Court continued, finding that the debtor lacked standing:

> Debtor questioned the accuracy of some of the information in Trustee's Final Report such as creditor information and the omission of certain balances due. However, Debtor did not challenge in her Objection, nor on appeal, the amount the Trustee reported had been returned to her following dismissal of her case. Debtor has failed to demonstrate how the bankruptcy court's Order overruling her Objection may have

3

> diminished her property, increased her burdens or impaired her rights as to make her an aggrieved party with standing. Nor has she demonstrated that the bankruptcy court's Order directly and adversely affected her pecuniarily.

In re Marshall, 611 B.R. 861, 863–64 (B.A.P. 8th Cir. 2020).

Likewise, the Court's decision in In re Belew is on point:

> Whether Debtor has standing is also readily resolved. To have standing to appeal an order, an appellant must demonstrate he or she is a person aggrieved by the order. *Robb*, 534 B.R. at 357. Under the "person aggrieved" doctrine, only appellants who are directly and adversely affected pecuniarily by an order have standing to appeal that order. *Nangle v. Surratt-States* (*In re Nangle*), 288 B.R. 213, 216 (8th Cir. BAP 2003). Put another way, only appellants who have a financial stake in an order have standing to appeal that order. *Id.*

> In most chapter 7 cases, the debtor does not have such a financial stake, because no matter how the trustee administers the bankruptcy estate's assets, none of those assets will be returned to the debtor. *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743, 748 (8th Cir. BAP 2000). However, in some chapter 7 cases, a trustee might be able to satisfy all allowed claims and have money left over. This would entitle the debtor to a distribution of the balance under 11 U.S.C. § 726(a)(6). If the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order. *Nangle*, 288 B.R. at 216.

> This is not such a case. Before Debtor would be entitled to any surplus, Trustee would have to pay (1) priority claims (including Trustee's attorney's fees and expenses and Trustee's own fees and expenses), (2) allowed and timely-filed unsecured claims, (3) allowed but tardily-filed unsecured claims, and (4) allowed claims for certain fines, penalties, forfeitures, and damages, all in full, with interest at the legal rate from June 13, 2017, the date on which Debtor filed his petition for relief. 11 U.S.C. § 726(a); *Bank of Nebraska v. Rose* (*In re Rose*), 483 B.R. 540, 546 (8th Cir. BAP 2012).

> As Trustee and Bank point out, according to Debtor's amended schedule A/B, all of Debtor's assets are worth only $3,052.30 (most, if not all, of which Debtor has claimed exempt), while according to the bankruptcy court's claims register, the unsecured claims alone total $2,228,698.43. Given these figures, it is not surprising Debtor does not even attempt to

explain how Trustee might be able to satisfy all allowed claims and have money left over to return to Debtor.

Debtor has not shown any possibility–much less a reasonable possibility–of a surplus in this case. Consequently, he does not have a financial stake in the bankruptcy court's order approving Trustee's proposed sale and thus lacks standing to appeal that order.

In re Belew, 608 B.R. 206, 209 (B.A.P. 8th Cir. 2019).

Like the decisions in In re Marshall and In re Belew, Humphrey cannot meet the definition of an "aggrieved" person and therefore have standing, because she has no financial stake in Judge Barry's Order pertaining to the sale of the state court appellate rights.  Humphrey's unsecured claims alone total $7,291,720.30 according to her amended schedule.  (Doc. #30).  Her assets do not come close to this number. Id.  Like In re Belew, Humphrey cannot even attempt to explain how Trustee might be able to satisfy all allowed claims and have money left over to return to Debtor, and she did not testify at the hearing to any facts that would give rise to standing.  There is no chance of a surplus in this case, and Humphrey has not argued such.  As a result, Humphrey has no financial stake in the Bankruptcy Court's Order approving the sale at issue, and thus, she lacks standing to appeal the Order.

## B. The completion of the sale renders this appeal moot per 11 U.S.C. § 363(m).

The Court's analysis in In re Belew is on point:

We have an independent duty to examine our jurisdiction. *Robb v. Harder* (*In re Robb*), 534 B.R. 354, 356-57 (8th Cir. BAP 2015). If this appeal is moot, we lack jurisdiction. *Sears v. U.S. Trustee* (*In re AFY*), 734 F.3d 810, 816-17 (8th Cir. 2013). If Debtor does not have standing, we likewise lack jurisdiction. *O & S Trucking, Inc. v. Mercedes Benz Financial Services USA* (*In re O & S Trucking, Inc.*), 811 F.3d 1020, 1025

(8th Cir. 2016). We may decide these issues in any order. *AFY*, 734 F.3d at 816.

Whether this appeal is moot is readily resolved by reference to the bankruptcy code.

The reversal or modification on appeal of an authorization ... of a sale ... of property does not affect the validity of a sale ... under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale ... were stayed pending appeal.  11 U.S.C. § 363(m).

Absent a stay pending appeal, this "finality rule" prevents a court from undoing a completed sale to a good-faith purchaser. *Nieters v. Sevcik* (*In re Rodriquez*), 258 F.3d 757, 759 (8th Cir. 2001).

As previously noted, Debtor did not obtain a stay pending appeal. He does not dispute the sale has been completed. And he does not suggest Bank was not a good-faith purchaser.

Under the circumstances, the sale authorized by the bankruptcy court cannot be undone. This appeal is therefore moot. *Griffin v. Griffin* (*In re Griffin*), 310 B.R. 135, 137 (8th Cir. BAP 2004); *Prasil v. Dietz* (*In re Prasil*), 215 B.R. 582, 584 (8th Cir. BAP 1998).

In re Belew, 608 B.R. 206, 208–09 (B.A.P. 8th Cir. 2019).

Like In re Belew, Humphrey did not obtain a stay pending appeal.  At the hearing, Humphrey did not argue or suggest that Absolute was not a good-faith purchaser.  See Transcript.  There has been no indication that Absolute was not a good-faith purchaser of Humphrey's claim.  Pursuant to the "finality rule," the Court cannot undo the completed sale to Absolute, and thus, this appeal is moot.

## C. The sale is valid and final.

The arguments outlined in Sections A and B above should resolve this appeal. Should it not, the sale is otherwise valid and final as reflected in the pleadings and transcript of the hearing, as well as the exhibits to the hearing.  See Transcript.  As

Humphrey does not even attempt to argue the facts pertaining to the sale, it is undisputed that Absolute's offer was the <u>only</u> and <u>best</u> offer for purchasing Humphrey's claims as outlined in the Motion for Approval of Sale (Doc. #46). Humphrey also failed to articulate to the Trustee, or present evidence at the hearing regarding, the chances of success of her state court appeal or the value of her counterclaim against Christopher; no such arguments were made by Humphrey. The sale was in the best interest of Humphrey's estate, especially since there were no other potential buyers of such claims.

### D. Humphrey's appellate rights are not "Defensive Appeal Rights"

The arguments outlined in Sections A and B above should resolve this appeal. Should it not, Humphrey's argument is wrong – Humphrey's appellate rights are not solely "defensive appeal rights." Contained within Humphrey's state court appeal, is a counterclaim against Christopher. Thus, Humphrey's state court appeal is not purely defensive.

In addition, before this appeal, Humphrey never argued that her state court appellate rights were not property of the estate. Appellate rights are property of the estate. <u>See</u> 11 U.S.C. 541(a). The Court in <u>Bibbs</u> stated:

> A debtor's commencement of a Chapter 7 bankruptcy creates an estate consisting of all of the debtor's legal and equitable interests in property. 11 U.S.C. § 541(a)(1) (2008). Once a bankruptcy trustee is appointed to administer the debtor's estate, *the trustee has the exclusive right to prosecute causes of action that are the property of that estate.* 11 U.S.C. §§ 323, 704(1). Causes of action that accrue prior to the filing of a petition for relief under the Bankruptcy Code are property of the estate. *See Bratton v. Mitchell, Williams, Selig, Jackson & Tucker*, 302 Ark. 308, 788 S.W.2d 955 (1990) (*citing Vreugdenhil v. Hoekstra*, 773 F.2d 213 (8th Cir. 1985)). A debtor *lacks standing* to maintain, on his or her

own behalf, a suit belonging to the estate unless that cause of action has been abandoned by the trustee. *Id.*

Bibbs v. Cmty. Bank of Benton, 375 Ark. 150, 156, 289 S.W.3d 393 (2008) (emphasis added).

Likewise, also consider the Court's decision in In re Fridman:

The Fridmans' right to appeal the adverse state court judgment is property of their bankruptcy estate that the Trustee can sell or compromise.

The Fridmans argue that the Trustee had no power to sell the right to appeal. Essentially, they contend that, because the sale of the right to appeal to Mr. Avetoom forecloses the possibility of reversing the state court judgment, the sale is improper and against their "Constitutional right" of appeal. We disagree.

The right to appeal a state court judgment is property that is part of a debtor's estate. *See, e.g., McCarthy v. Goldman (In re McCarthy),* BAP No. CC–07–1083–MoPaD, 2008 WL 8448338, at *16 (9th Cir. BAP Feb. 19, 2008) (implicitly agreeing with the bankruptcy court that the debtor's "Appeal Rights are property of the estate"); *In re Marciano,* No. 1:11–BK–10426–VK, 2012 WL 4369743, at *1 (C.D.Cal. Sept. 25, 2012) (under California law, the right to appeal an adverse judgment is a property right); *Mozer v. Goldman (In re Mozer),* 302 B.R. 892, 896 (C.D.Cal.2003) ("all of the Debtors' appellate rights, including the Defensive Appellate Rights, are saleable by the Trustee").
The Fridmans fail to provide any legal authority in support of their position. Rather, as discussed above, a right to appeal may be sold as part of estate assets, even to the party against whom the appeal is directed. *See In re Mozer,* 302 B.R. at 896. The fact that Mr. Avetoom purchased the appeal rights to foreclose an appeal of the state court judgment in his favor is not out of the ordinary or otherwise improper.

In re Fridman, No. BAP CC-15-1151-FKIKU, 2016 WL 3961303, at *7 (B.A.P. 9th Cir. July 15, 2016).

In the present case, Humphrey's state court appellate rights are not purely defensive – the appeal contains a counterclaim against Christopher. Therefore,

Humphrey's argument in this respect is inapplicable.   Nonetheless, it is well established that appellate rights are property of the estate.

In fact, at the February 12, 2020 hearing, counsel for Humphrey admitted that it was property of the estate.  <u>See</u> Transcript.  Prior to this appeal, Humphrey never argued that the appellate rights were not part of the estate.   Humphrey's own schedules filed of record reflect that Humphrey's state court appellate rights were property of the estate.   (Doc. #30).   This "Defensive Appeal Rights" argument advanced by Humphrey was not previously asserted before this appeal, is not part of the record, is not supported by the record, and thus should not be considered by this Court.

IV.   CONCLUSION

Humphrey's appeal should be denied.  Humphey lacks standing to bring such an appeal, and the issue to be decided has been rendered moot under the finality rule. If these two issues do not resolve the appeal, then the facts of record prove the sale at hand was otherwise valid and final and that the appellate rights were property of the estate.  All of Humphrey's issues presented on appeal, were raised for the first time on this appeal; such arguments were not made at the bankruptcy court level.

Respectfully submitted,

 /s/ Bianca Rucker
Bianca Rucker
Rucker Law PLLC
One East Center St.
Suite 215
Fayetteville, AR 72701
*Chapter 7 Panel Trustee*
ruckerlaw@outlook.com

9

AND

/s/ Glenn S. Ritter
Charles T. Coleman (80030)
Glenn S. Ritter (2011146)
WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, Arkansas 72758-8960
(479) 986-0888
FAX: (479) 986-8932
E-MAIL: gritter@wlj.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2020, a true and complete copy of the foregoing was filed with the Clerk of the Court via the CM/ECF filing system which will generate a Notice of Electronic Filing of the above pleading to all registered CM/ECF Filing Users in the above-captioned case, including Debtor and the U.S. Trustee.  The foregoing has also been mailed to the following:

LaDonna Humphrey
11580 Farrar Road
Bentonville, AR 72713

/s/ Glenn S. Ritter
Glenn S. Ritter

10

2095270-v1