UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
May 28, 2020
OFFICE OF THE CLERK

IN RE: LADONNA HUMPHREY, DEBTOR

DISTRICT COURT NUMBER:  5:20-cv-05048-PKH

BANKRUPTCY COURT NUMBER: 5:19-bk-72555

**RESPONSE TO BRIEF**

The Appellee argues in their brief that I am not an "aggrieved person" therefore I have no standing.   Their brief quotes the courts saying that a party is aggrieved if the bankruptcy court order diminishes the person's property, increase the person's burdens, or impairs the person's rights.    They then discuss case law that is not even applicable to the present case.

Individual Appellee, Absolute Pediatric Therapy, has filed a motion to deny dischargability of a debt.    This is the same debt that was created by the state court judgment.  According to my former attorney, Stanley Bond, who I have now fired, it was my understanding is that Glenn Ritter, attorney for Anthony Christopher and Absolute Pediatric therapy, stipulated that there was a strong case that the Judgment would not be upheld on appeal.  I am not quite certain if this information is correct as I have been unsuccessful in my efforts to receive a copy of the transcript.  On Monday, May 18, I wrote an email (Exhibit A) to my former attorney, Stanley Bond, inquiring about statements made in the brief written by Glenn Ritter regarding this matter.  If the brief written by Mr. Ritter is correct, Stanley Bond went against what he was told to argue for me in court.  My request for clarification from Stanley Bond went unanswered.  (See Exhibit B). Prior to the hearing, after providing him the case law that I included in my brief, it was my understanding that he would make those arguments because they are strong arguments.  Due to a family issue, I asked Mr. Bond if I needed to attend that day.  Mr. Bond assured me

that I did not need to attend. It is shocking that Mr. Bond would not have made these arguments and based on his refusal to answer me or discuss what happened, I reluctantly had to let him go.

Now, on my own, in a Pro Se capacity, I will fight on to find some justice in this case. And doing so, if I follow the logic of Absolute Pediatric Therapy, I will have a 3.5 million dollar judgment that would be overturned on appeal and they will try to collect from me. In fact, Anthony Christopher's mother, Wanda "Maria" Eash, stated on social media that "they" can't wait to collect the debt and take all of my assets. Yet somehow I am not an aggrieved party. It simply doesn't make any sense. Anthony Christopher has also posted on social media extensively about this case, about how he's teaching me "life lessons" and about how he's received a huge Judgment in his favor because I have slandered him and tried to ruin his life by lying about him committing Medicaid Fraud. Then please review the previous exhibits from my brief that include Anthony Christopher's mug shot, the court docket listing out his fraud charges, and the arrest warrant that details out the charges against Mr. Christopher. Anthony Christopher has been charged with the very fraud he has been accused of by multiple people: Janna Hines, Trucks and Tiaras, Dr. Joel Fankhauser, and others.

The appellee argues that the sale was final and should be upheld because it was the only and best offer for the appeal rights. My first brief explains why this is an inappropriate standard for looking at the sale. In re Mozer, 392 B.R. 892 (2003), the Court found that defensive appellate rights were in fact property of the estate. The Court however goes on to say the Court must find that it is fair and equitable and in the best interest of the estate. It goes on to say that if the odds of winning were the same as the Lotto then $10,000 may be a fair price but if the odds are much better say, one in two, then it would make sense to sell a $600,000.00 defensive right for $300,000.00. The Court goes on to say that defensive appellate rights are not susceptible

Moreover Appellee ignores the clear facts in the brief that they misled the bankruptcy trustee by failing to tell them that Christopher had been charged with Medicaid Fraud before the hearing.   This is significant information that should go toward evaluating the claim and what is in the best interest of the estate.   Furthermore, Anthony Christopher and Absolute Pediatric Therapy misled the State Court repeatedly by calling me a liar and calling the Medicaid Fraud claims I had made "Malicious and Unfounded".  Clearly those claims were neither malicious or unfounded or he would not have been charged with several counts of fraud.

The next argument in the appellee brief is that the appeal rights are not purely defensive.   I actually agree with that but it doesn't change the fact that appeal of the judgment is defensive.   The court could find that one set of appeal rights that are affirmative can be sold and the defensive rights should not be sold without much more work on the worth of the rights.

The final point is that it is my understanding that Absolute Pediatric Therapy has sold its assets and closed its doors. The purchaser of its assets was Emerge Therapy Services.  Interestingly, the registered agent for Absolute Pediatric Therapy is Absolute Pediatric Services – a company that has had it's status revoked by the Arkansas Secretary of State. (Exhibits C and D).

Based on the information contained in my brief, I ask the court to reverse the Bankruptcy Court's approval of the sale of my appeal rights and find that the sale was not in the best interest of the estate.

Respectfully Submitted,

LaDonna Humphrey

11580 Farrar Road

Bentonville, AR 72713

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2020, a true and complete copy of the foregoing was filed with the Clerk of the Court in the above-captioned case, including the U.S. Trustee.

                                              LaDonna Humphrey

# Exhibit A

**LaDonna Humphrey <ladonnamhumphrey@gmail.com>**  Tue, May 19, 6:15 PM (9 days ago)

Dear Stanley,

I have made the decision to terminate you as my bankruptcy attorney.  I am incredibly disappointed with the number of emails and phone calls that I have made to you that have gone unanswered.  Additionally, before I initially filed for bankruptcy, I sat in your office (along with Tom Stockland) and asked for every possible outcome that could happen if I filed for bankruptcy.  I repeatedly asked this question because I was very hesitant to file for bankruptcy.  You never once informed me that Anthony Christoper and Absolute Pediatric Therapy could buy my counter claim or appeal.  That was NEVER even mentioned as a possibility, Stanley, and we openly discussed and explained my complicated legal situation with you as well as the pending appeal.  You had all of the facts and still never advised me of the risk I would be taking with my appeal if I filed bankruptcy.

And now, to make the nightmare even worse, it is apparent there was no real fight against the sell of the appeal.  Why not?  I instructed you to fight that sell of my appeal - and I even provided examples of why I did not believe my appeal rights were part of the estate.  I never gave you permission to agree that the appeal rights were part of the bankruptcy estate!  Frankly, I am dumbfounded as to why these requests and many others have simply been ignored.

And while I thank you for the things that you have done to help me, I have to say that the damage that has been further inflicted upon me due to the things you failed to do and/or failed to inform me of far outweigh any  help I have received.

In hindsight, I should have fired you the very day that you suggested that I either start "chipping away" at what I owe on this judgment or that I move to a state that would not allow this judgment to be collected.  That was my mistake.

This is me now remedying that mistake:  I am terminating our attorney/client relationship effective immediately.

I hired you to help me, Stanley, and just the opposite has transpired!  The damage that has been inflicted is beyond repair and inexcusable.

Please consider this your notice that I am requesting a copy of all of my files, including copies of all correspondence you have had on my behalf, as well as any another information that is related to this case. Of course, I would also like a full refund, but I do not expect that you would honor such a request.

My husband and I would like to pick up my files the week of May 26.  Please have your office notify me of what day and time we can pick up my files.

Sincerely,
LaDonna Humphrey

# Exhibit B

**LaDonna Humphrey <ladonnamhumphrey@gmail.com>**　　　Mon, May 18, 4:41 PM (10 days ago)

Stanley,

I received a copy of the brief submitted by Anthony's attorney's in response to my Appeal and it states:

Stanley Bond admitted that Humphrey's claims, including her appellate rights, were property of the estate.  He also admitted, and did not object to, the appropriateness and validity of the terms of the sale.

I have verbally (and in writing) objected to this sale from the beginning.  And yet, this brief seems to indicate the opposite.

I guess what I am asking here is what he has written here true?  Surely it can't be true but I wanted to ask you myself.

He is also citing the "finality rule" - and I would like that explained to me or at least point me to where I can find that information on my own.

I am happy to provide you a full copy of this so you can see what was written about you so you have the full document.

Thank you!
LaDonna Humphrey

# Exhibit C

# Search Incorporations, Cooperatives, Banks and Insurance Companies

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | ABSOLUTE PEDIATRIC THERAPY, INC. |
| Fictitious Names | |
| Filing # | 811152380 |
| Filing Type | For Profit Corporation |
| Filed under Act | Dom Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | ABSOLUTE PEDIATRIC SERVICES, INC |
| Agent Address | 2713 SE I STREET #1 |
| | BENTONVILLE, AR 72712 |
| Date Filed | 12/18/2017 |
| Officers | ANTHONY CHRISTOPHER , Incorporator/Organizer<br>ANTHONY CHRISTOPHER , President |
| Foreign Name | N/A |
| Foreign Address | |
| State of Origin | N/A |

**Purchase a Certificate of Good Standing for this Entity**     **Pay Franchise Tax for this corporation**

# Exhibit D

## Search Incorporations, Cooperatives, Banks and Insurance Companies

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | ABSOLUTE PEDIATRIC SERVICES INC., |
| Fictitious Names | ABSOLUTE COMMUNITY PARTNERSHIP |
| Filing # | 811134618 |
| Filing Type | For Profit Corporation |
| Filed under Act | Dom Bus Corp; 958 of 1987 |
| Status | Revoked |
| Principal Address | 2713 SE I STREET<br>BENTONVILLE, AR 72712 |
| Reg. Agent | ANTHONY CHRISTOPHER |
| Agent Address | 3526 W CLABBER CREEK BLVD<br><br>FAYETTEVILLE, AR 72704 |
| Date Filed | 05/27/2017 |
| Officers | ANTHONY CHRISTOPHER , Incorporator/Organizer<br>ANTHONY CHRISTOPHER , President |
| Foreign Name | N/A |
| Foreign Address | |
| State of Origin | N/A |

**Pay Franchise Tax for this corporation**