UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LADONNA HUMPHREY                                                                         APPELLANT

v.                                     No. 5:20-CV-05048

ANTHONY CHRISTOPHER and
ABSOLUTE PEDIATRIC THERAPY                                                   APPELLEES

## OPINION AND ORDER

Appellant LaDonna Humphrey appeals (Doc. 1) an order approving sale of her defensive appellate rights out of the estate in her Chapter 7 bankruptcy proceeding, *In re LaDonna Humphrey*, Case No. 5:19-bk-72555, Doc. 73 (Bankr. W.D. Ark. Feb. 14, 2020). Humphrey filed her appellant's brief (Doc. 5) on May 1, 2020. Appellees Anthony Christopher and Absolute Pediatric Therapy (Absolute), joined by the bankruptcy estate's trustee, filed their appellees' brief (Doc. 8) on May 14, 2020. Humphrey filed a reply (Doc. 9) on May 28, 2020. The bankruptcy court held a motion hearing on February 12, 2020, (the minutes for which were entered on the bankruptcy court's docket on February 13, 2020), and the Court requested and reviewed the digital audio recording of that hearing.

After examination of the briefs and record, facts and law have been adequately presented in this case for this decision, and oral argument will not significantly aid the decision. Fed. R. Bankr. P. 8019(b)(3). The Court finds that Humphrey has standing to challenge the bankruptcy court's order, and this appeal will be held in abeyance pending resolution of related criminal proceedings against Appellee Christopher in the Circuit Court of Pulaski County, Arkansas,

**I.    Clarification of the Record**

As an initial matter, whether through its authority to correct a "clerical mistake or mistake arising from oversight or omission," Fed. R. Civ. P. 60(a)(1), or as relief from a proceeding on the

1

basis of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for some "other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), the Court must clarify the record in these proceedings. *See* Fed. R. 9024 (applying Federal Rule of Civil Procedure 60 to bankruptcy cases). Humphrey's estate separately listed unsecured liabilities of $3,570,977.88 to Absolute Pediatric Services and $3,570,977.88 to Anthony Christopher on its Schedule E/F filing. *In re Humphrey*, 5:19-bk-72555, Doc. 30, pp. 11–12 (Bankr. W.D. Ark. Oct. 25, 2019). These amounts are based on a judgment entered against Humphrey on September 23, 2019 in *Absolute Pediatric Services Inc., et al. v. Humphrey*, 04CV-18-2961, a state court civil defamation action filed by Appellees in the Circuit Court of Benton County, Arkansas on October 9, 2018.[1] The judgment entered in the state civil case explicitly awards a "total amount of $3,570,977.88," and cannot be construed as separate judgments of that amount in favor of each Appellee.

Rather than apportion the amount of this judgment owed to each Appellee in the Schedule E/F filing, the estate listed the total amount as a liability owed to each Appellee. Appellees acknowledge in their brief here that "Humphrey's unsecured claims alone total $7,291,720.30 according to her amended schedule," but, by apparent oversight, neglect to clarify for this Court that that total amount is not correct. (Doc. 8, p. 5). However, Appellees' counsel on this appeal also represented them in the bankruptcy court (and in the state court civil action, in which counsel prepared the judgment entered by the state court judge).[2] At the February 12 motion hearing, Appellees' counsel confirmed that the state court civil judgment was for a damages award of "three point five million dollars." Based on this record, it is clear that the unsecured claims listed on the

---

[1] The Court takes judicial notice of the trial court and appellate record in that case, and the complaint and the trial court's judgment are appended as an exhibit to this opinion and order.

[2] Appellees' counsel does not appear to represent Appellee Anthony Christopher in the state criminal case proceeding against him in Pulaski County, Arkansas charging him with Medicaid Fraud.

estate's Schedule E/F forms instead should total $3,720,742.42.

## II.     Jurisdiction and Standing

This Court has jurisdiction to hear an appeal from decisions of bankruptcy judges, whether those decisions are final orders or interlocutory orders.  28 U.S.C. § 158(a).  Humphrey has standing to appeal the order permitting sale of her appellate rights in the state court civil action. "[O]nly appellants who are directly and adversely affected pecuniarily by an order have standing to appeal that order.  Put another way, only appellants who have a financial stake in an order have standing to appeal that order."  *In re Marshall*, 611 B.R. 861, 863 (B.A.P. 8th Cir. 2020) (citing *In re Belew*, 608 B.R. 206, 208 (B.A.P. 8th Cir. 2019)).  In Chapter 7 bankruptcy administration, if a trustee can satisfy allowed claims and have money left over, the debtor is entitled to a distribution of the balance of the estate.  11 U.S.C. § 726(a)(6).  "If the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order."  *In re Nangle*, 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003).

Humphrey has shown such a reasonable possibility.  The core of her argument concerns her appellate rights in the state court civil action.  Should she prevail on her arguments, then one of two things will be true.  The $3,570,977.88 judgment may not be a liability belonging to the estate, depending on Arkansas law, and so could not be sold by the trustee.  *Cf. In re Morales*, 403 B.R. 629, 631–34 (Bankr. N.D. Iowa 2009) (finding under Iowa law that debtor's appellate rights over debts in the estate were not property of the estate and the debtor should have relief from the automatic stay to pursue the appeal).  Or the appellate rights may be estate property, but the bankruptcy court could not approve a sale of those rights by the trustee without a showing that the sale is fair and equitable and in the best interest of the estate (which showing would require a substantive assessment of the value of the appellate rights that recognizes that market forces alone

are likely insufficient to determine that a sale is in the estate's best interest). *Cf. In re Mozer*, 302 B.R. 892, 897–99 (Bankr. C.D. Cal. 2003) (explaining that the value of defensive appellate rights is likely to be minimized by a judgment debtor, who will also likely be the only party bidding against the bankruptcy debtor for those rights, and so a substantive assessment will usually require the trustee to analyze the legal merits of the appeal). In light of considerations addressed below, there is a substantial possibility that sale of this judgment debt to the judgment debtor was not the product of a substantive assessment.

In either case, there is a reasonable possibility that the estate's Schedule E/F liabilities should not have included the $3,570,977.88 judgment, or that the judgment should only have been sold by the estate for an amount much nearer the judgment amount. Assuming the judgment amount was not the estate's to sell, or that analysis of the merits of the appeal and the demands of equity would require the trustee to sell the appellate rights only for the amount of judgment, the remaining Schedule E/F unsecured liabilities would total $149,764.54, rather than the $7,291,720.30 currently appearing on those Schedules and mentioned in Appellees' brief. With a potential difference of this magnitude in the appropriate amount of liabilities, and in the absence of any argument by Appellees or the trustee other than that the estate's assets do not come close to the $7,291,720.30 amount (Doc. 8, p. 5), it appears Humphrey may be able to show the reasonable possibility of surplus.

### III. Mootness and Abeyance

Appellees also argue this matter is moot on the basis that Humphrey has made no showing that Appellee Absolute was not a good-faith purchaser of the appellate rights. For the same reasons this matter is being held in abeyance, the Court cannot say the matter is moot. Appellee Absolute was a company run by Appellee Christopher. The substance of Appellees' state court civil claim

against Humphrey was that she had defamed them by accusing them of Medicaid fraud. Anthony Christopher was subsequently charged with Medicaid fraud in connection with Absolute, based in part on testimony by Humphrey, and a review of the docket reveals Christopher's trial in the Circuit Court of Pulaski County, Arkansas, is set for May 25, 2021. *See State v. Anthony Christopher*, 60CR-20-2945 (filed Aug. 26, 2020).

If Christopher is convicted of committing the criminal acts Humphrey accused him of, the effect on this case may be profound. Every court involved in some fashion with the merits of the ongoing civil dispute between Humphrey and Appellees—the Circuit Court of Benton County, Arkansas, the United States Bankruptcy Court for the Western District of Arkansas, and this Court—operates under rules that allow relief when fraud has been committed on the court, or as equity demands. *See* Ark. R. Civ. P. 55(c) (allowing courts to set aside default judgments on the basis of fraud or misconduct); Fed. R. Civ. P. 60(b)(3), (5), (6) (allowing courts to grant relief from final orders on the basis of fraud, equity, or other reasons justifying relief); Fed. R. Bankr. P. 9024 (applying Federal Rule of Civil Procedure 60 to bankruptcy cases). If Christopher is convicted, additional briefing may be necessary to determine which courts should take action under these rules. Further, if Christopher is convicted, Appellees' counsel likely will prefer an opportunity to determine whether the conviction gives rise to professional obligations under Arkansas Rule of Professional Conduct 3.3. Finally, if Christopher is convicted, it may be difficult to say that his corporate tool, Absolute, purchased any appellate rights in good faith.

If Christopher is acquitted, or if the charges against him are dismissed, additional briefing and oral argument may become necessary in this case. In light of the unknowns giving rise to these exceptional circumstances, it is most prudent to hold further proceedings in abeyance at this time, pending Christopher's conviction or acquittal, or dismissal of the Medicaid fraud charges

against him.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that this matter is HELD IN ABEYANCE pending Appellee Anthony Christopher's conviction or acquittal on the criminal charges of Medicaid fraud pending against him in the Circuit Court of Pulaski County, Arkansas, or pending dismissal of those charges.  Appellees' counsel is directed to file notice of conviction, acquittal, or dismissal of charges within ten days of entry on the state court docket.

IT IS SO ORDERED this 31st day of March, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE